# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

QUINCY RAY HAYNES,
                    Appellant,

v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
DC-315H-15-0871-I-1

DATE: November 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Quincy Ray Haynes, Norfolk, Virginia, pro se.

Karen L. Saxton, New Cumberland, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of his termination during his probationary period. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision. Specifically, we MODIFY the initial decision to further elaborate on the evidence and argument that the appellant submitted in support of his case and to explain why this evidence and argument is insufficient to constitute a nonfrivolous allegation of jurisdiction.

¶2        The agency terminated the appellant from his WG-5 Distribution Process Worker position for alleged unsatisfactory performance. Initial Appeal File (IAF), Tab 1 at 8-10. After he appealed his termination to the Board, the administrative judge issued an order that informed him that it appeared that his appeal was not within the Board's jurisdiction. She notified him that he had the burden of proving that the Board had jurisdiction over his appeal, provided him with notice of what he had to prove to establish jurisdiction, and ordered him to submit evidence and argument establishing the Board's jurisdiction over his appeal. IAF, Tab 2. She further informed the appellant that he only would be entitled to a hearing if he made a nonfrivolous allegation of fact that, if proven, could establish jurisdiction over his appeal. *Id.* at 3. When the appellant did not respond, the administrative judge issued a second order and again directed the appellant to furnish evidence and argument establishing Board jurisdiction over his appeal. IAF, Tab 3. The appellant did not respond to the second order. Thereafter, the administrative judge dismissed the appeal for lack of jurisdiction,

finding that the appellant failed to respond to her orders and that there was no evidence in the record establishing that the appeal was within the Board's jurisdiction.  IAF, Tab 6, Initial Decision.

¶3    Because the appellant was terminated from a competitive service position, he must satisfy the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(A) to have Board appeal rights under 5 U.S.C. chapter 75.  *Henderson v. Department of the Treasury*, 114 M.S.P.R. 149, ¶ 9 (2010).  To qualify as an "employee," the appellant must show that he is not serving a probationary period or has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.  5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002).  The appellant here served only 2 months of his 1-year probationary period.  The service computation date on the Standard Form 50 documenting the appellant's termination indicates that the appellant has, at most, approximately 9 months of total Federal service.  IAF, Tab 1 at 8.  Therefore, the appellant does not meet the definition of "employee" at 5 U.S.C. § 7511(a)(1)(A), and he does not have the right to appeal his termination to the Board under 5 U.S.C. §§ 7513(d) and 7701.

¶4    A probationary employee in the competitive service who, like the appellant, was terminated for post-appointment reasons, can bring an appeal of his termination to the Board, but only if he was discriminated against because of his marital status or partisan political affiliation.  *Henderson*, 114 M.S.P.R. 149, ¶ 9; *Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 8 (2007).  The appellant did not claim in his appeal, and does not claim in his petition for review, that the termination was based on marital status or partisan political discrimination.  The administrative judge informed the appellant that he must make such an allegation in order to establish the Board's jurisdiction over the appeal, but the appellant did not respond to either of her orders.  The appellant instead argues that the allegations of unacceptable performance were unfounded and his termination based on those allegedly unfounded reasons was improper.  IAF, Tab 1 at 6;

Petition for Review File, Tab 1 at 4. These arguments, however, relate to the reasons underlying the termination and not the issue of Board jurisdiction, and thus provide no basis to disturb the initial decision. *See Rivera v. Department of the Navy*, 114 M.S.P.R. 52, ¶ 7 (2010) (finding that, in an appeal of a termination during a probationary period, the merits of the agency's decision are not before the Board).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide

for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.